REVERE RACING ASSOCIATION, Inc.,
Plaintiff, Appellant,

v.

Thomas E. SCANLON, District Director
of Internal Revenue, Defendant,
Appellee.

No. 5096.

United States Court of Appeals
First Circuit.

Heard April 3, 1956.

Decided May 9, 1956.

Louis L. Lobel, Boston, Mass., with whom James N. Gabriel, Boston, Mass., was on the brief, for appellant.

David O. Walter, Atty., Dept. of Justice, Washington, D. C., with whom Charles K. Rice, Acting Asst. Atty. Gen., Lee A. Jackson and I. Henry Kutz, Attys., Department of Justice, Washington, D.

C., and Anthony Julian, U. S. Atty., and Arthur I. Weinberg, Asst. U. S. Atty., Boston, Mass., were on the brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This case presents the question: Whether the taxpayer may recover an alleged overpayment of income taxes for the fiscal year ending April 30, 1951, wherein the taxpayer was denied a deduction of certain expenditures under § 23(a) (1) (A)[1] of the Internal Revenue Code of 1939, 26 U.S.C.A., said expenditures having been made to persuade a majority of voters to vote in the affirmative on the question: "Shall the pari-mutuel system of betting on licensed dog races be permitted in this County?"

The district court ruled that the deductions claimed here were not ordinary and necessary expenses of doing business, and on November 15, 1955, entered a judgment dismissing the action. The plaintiff on the same date filed its notice of appeal.

The lower court's findings were based on a stipulation of facts which may be summarized as follows: The appellant is a Massachusetts corporation and conducts and operates a greyhound race track, under license granted by the Massachusetts State Racing Commission, in the City of Revere, Suffolk County, Massachusetts. The appellee was the duly authorized and incumbent United States District Director of Internal Revenue for the District of Massachusetts. The appellant duly filed its federal income tax return for the fiscal year ending April 30, 1951, wherein it included a deduction from its gross income of $23,148.51 for certain promotional advertising, public

relations and legal fees. On or about May 7, 1953, an examination was completed by a duly qualified Revenue Agent of the appellant's Federal Income Tax Return for the fiscal year ending April 30, 1951, as a result of which said District Director determined inter alia, that the said amount was not an allowable deduction from the appellant's gross income under Section 29.23(q).1, United States Treasury Regulations 111. The appellant paid the assessed deficiency, plus interest, under protest, in the total amount of $15,101.19 and then duly filed a claim for refund and subsequently brought suit in the United States District Court after the rejection of its claim for refund by the said District Director. The amount of the claim for refund is $10,241.12 (or such greater amount as is legally refundable).

The pari-mutuel system of betting on licensed dog races in the Commonwealth of Massachusetts was authorized by the Acts of 1934, Chapter 374, § 3, by creating General Laws (Ter.Ed.) Chapter 128A. This act, besides legalizing licensed dog racing, further provides by Section 14 thereof, that the question, "Shall the pari-mutuel system of betting on licensed dog races be permitted in this county?" shall be placed before the voters of each county at the biennial State election for the year 1934 and shall not be submitted under this section to the voters of any county oftener than once in four years. A majority vote in answer to said question in the affirmative in any county was taken to authorize the granting of a license by the State Racing Commission, provided the applicant otherwise qualifies for such license.

Chapter 138 § 2, of the Massachusetts Acts of 1947, amended Massachusetts General Laws (Ter.Ed.), Chapter 128A, § 14, by providing that the question, "Shall the pari-mutuel system of betting

1. Title 26, Internal Revenue Code
"§ 23. *Deductions from gross income.*
"In computing net income there shall be allowed as deductions:
"(a) *Expenses*
"(1) *Trade or business expenses.*

"(A) *In general.*
"All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *."

on licensed dog races be permitted in this county?" shall be placed before the voters of the several counties at the biennial State election in the year 1950 and in every fourth year thereafter and that an affirmative vote of a majority of voters in said counties shall be taken to have authorized the licensing of dog races in that county. This law was in effect in the years 1950–1951.

The question concerning licensed dog racing appeared on the official ballot in every city and town in every county in Massachusetts at intervals of four years starting in 1934 and whether the counties voted in the affirmative or negative, the question reappeared the following fourth year and will appear on the official ballot to be used every succeeding fourth year.

The appellant expended the sum of $23,148.51 to help aid and persuade a majority of the voters in Suffolk County to vote in the affirmative on the previously stated question which appeared as "6B" on the official ballot used in the cities and towns at the biennial state election in the year 1950.

The following questions are presented on this appeal:

1. Whether the payment of $23,148.-51 is deductible as an ordinary and necessary business expense under Section 23(a) (1) (A) of the Internal Revenue Code (1939) in computing the appellant's net income for said fiscal year.

2. Whether the payment of $23,148.-51 is barred as a deduction from the appellant's gross income for said fiscal year by the provisions of Section 29.23(q).1, Treasury Regulations 111.

■■■ "Whether an expenditure is directly related to a business and whether it is ordinary and necessary are doubtless pure questions of fact in most instances." Commissioner of Internal Revenue v. Heininger, 1943, 320 U.S. 467, at page 475, 64 S.Ct. 249, at page 254, 88 L.Ed. 171. Accordingly we have no disposition to disturb the decision of the court below unless it was demonstrably based upon errors of law. Put-

ting to one side, for the moment, the effect of the Treasury Regulations, we believe the trial court was correct in its view that these expenditures did not represent ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Plaintiff contends at some length that these expenditures are "ordinary" under the circumstances, and could scarcely be more "necessary" since "without the expense, there could have been no business." Even if we agree, it does not follow that the decision below was erroneous since plaintiff has not met—and in our opinion cannot meet—the rule established by the Supreme Court in McDonald v. Commissioner, 1944, 323 U.S. 57, 65 S.Ct. 96, 97, 89 L.Ed. 68, wherein a distinction was drawn between ordinary and necessary expenses "incurred in being a judge" and similar expenses incurred "in trying to be a judge for the next ten years." The trial court seems to have had this distinction in mind when it said [137 F.Supp. 294]: "These expenses were not the expenses of doing business in any sense of the word, but were to put the voters in a frame of mind that would give them a possible opportunity to do business later."

Plaintiff attempts to distinguish the McDonald case on the ground that public policy forbade the deduction of campaign expenses. If this is true, then we believe the deductions sought by plaintiff should likewise be denied. We can conceive of no public policy which, while denying to judicial officers the right to deduct expenses incurred in campaigning for an opportunity to do business for an additional term, would nevertheless permit a corporation engaged in dog racing to deduct expenses incurred in campaigning for an opportunity to engage in that business for an additional term. Accordingly we believe the McDonald decision controls the instant case.

■■■ We likewise agree with the court below that the deductibility of these expenditures is denied by § 29.23(q).1 of the Treasury Regulations which reads in part: " * * * Sums of money ex-

pended for lobbying purposes, the promotion or defeat of legislation, the exploitation of propaganda, including advertising other than trade advertising, and contributions for campaign expenses are not deductible from gross income. * * *" The court said in its opinion: "In this case, the lobbying of course was not before a legislature, but nevertheless it was for the purpose of seeking the favor of the voters for dog track racing." Although the taxpayer's expenditures were made to influence voters rather than members of the legislature, in our opinion they come within the prohibition of the regulation. Textile Mills Securities Corp. v. Commissioner, 1941, 314 U.S. 326, 62 S.Ct. 272, 86 L.Ed. 249.

The judgment of the district court is affirmed.