JEAN CONRAD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46343. Promulgated February 11, 1933.

*Stanley Suydam, Esq.,* and *Walter G. Moyle, Esq.,* for the petitioner.
*Nathan Gammon, Esq.,* for the respondent.

#### OPINION.

MATTHEWS: This proceeding arises upon the determination by the respondent of a deficiency in petitioner's income tax for the year 1927 in the amount of $3,482.53. A single issue was raised upon the pleadings, whether the respondent erred in using as the basis for determining the amount of gain realized on a sale in 1927 of property received by the petitioner as a legacy, the value of the property at the time of the testator's death in 1924; the petitioner

contends that its value in 1925, when the property was distributed to her by court order, should have been used.

The facts were stipulated and are as follows:

The petitioner is an individual residing at San Francisco, California. Petitioner's husband, a resident of California, died August 4, 1924 and his estate was distributed to the legatees on November 12, 1925, by order of the Superior Court of the State of California. On November 12, 1925, as a part of her legacy from her husband, there was distributed to petitioner from her deceased husband's estate certain stocks, bonds, and rights to purchase stocks. During the year 1927 and prior to October 1, 1927 petitioner sold a portion of said stocks, bonds and rights so received for the sum of $204,423.79. These stocks, bonds and rights sold by petitioner in 1927 had a value as of August 4, 1924, the date of the death of the petitioner's husband, of $141,831.41, which amount was the appraised valuation used in determining the Federal Estate Tax and California State Inheritance Tax upon the estate of petitioner's husband. These stocks, bonds and rights sold by petitioner in 1927 had a value as of November 12, 1925, the date upon which they were distributed to petitioner as a part of her legacy from her husband, of $169,693.

In her income tax return for 1927 petitioner reported as capital net gain $34,730.79, the amount by which $204,423.79, the sum received from the sale in 1927 of these stocks, bonds and rights, exceeded $169,693.00, the value of these stocks, bonds and rights on November 12, 1925, the date of their distribution to the petitioner as a legatee of her husband. In the deficiency notice of September 24, 1929, from which this petition was filed the Commissioner increased the capital net gain reported from this transaction by the amount of $27,861.59 by using the appraised value of these stocks, bonds and rights as at August 4, 1924, the date of the death of petitioner's husband, as a basis for determining the capital net gain on the sale thereof rather than their value at the date they were distributed to petitioner.

The relevant provision of the statute is set out in the margin[1].

The main issue is very easily disposed of on the authority of *Brewster* v. *Gage*, 280 U. S. 327. The stocks and securities here were apparently a specific legacy from the petitioner's husband, but even if they had been part of the residue of the estate the result would be the same. In the *Brewster* case, the Supreme Court considered the question of the residue of the testator's estate, saying:

Petitioner's right later to have his share of the residue vested immediately upon testator's death. At that time petitioner became enriched by its worth, which was directly related to and would increase or decline correspondingly with the value of the property. And, notwithstanding the postponement of transfer of the legal title to him, Congress unquestionably had power and

---

[1] [Revenue Act of 1926.] SEC. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

* * * * * * *

(5) If the property was acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402 of the Revenue Act of 1921, or in subdivision (c) or (f) of section 302 of the Revenue Act of 1924, or in subdivision (c) or (f) of section 302 of this Act.

reasonably might fix value at the time title passed from the decedent as the basis for determining gain or loss upon sale of the right or of the property before or after the decree of distribution. And we think that, in substance, it would not be inconsistent with the rules of law governing the descent and distribution of real and personal property of decedents to construe the words in question to mean the date of death.

The revenue acts before the court were those of 1918 and 1921, but it considered the later revenue acts, including those of 1926 and 1928, and pointed out the similarity of language of this provision in all the revenue acts until that of 1928 and the consistency of the Government's interpretation of those acts. The sweeping language of the court leaves no room for further question: " The generality of the words used in both acts indicates intention that the value at the time of death of the decedent was to be taken as the basis in all cases."

We are of the opinion that the value of the property at the time of the testator's death is to be taken as the basis for determining the gain to the petitioner on the subsequent sale. The gain on the sale was reported as capital net gain and calculated under section 208 (b), set out in the margin.[2] As the respondent raises an objection to this basis of calculation only if value is taken as of the petitioner's receipt of the property under the court decree in 1925, we need not consider this further contention.

This brings us to the petitioner's alternative contention, that if the proper basis of value is that at the testator's death, only one-half the amount of the legacy is taxable to her as " property * * * acquired by bequest, devise, or inheritance"; since it was, petitioner contends, community property under California law and only one-half of such property passes on death to the surviving spouse. This issue was not raised by the petitioner on the pleadings or at the hearing and appears first in her brief. It is too late to raise it now. Moreover, it is open to two fatal objections: (1) The petitioner has not shown that the property was community property. On the contrary, it is described in the stipulation as " part of her legacy from her husband." (2) Even if it were conceded to be community property, the petitioner has not shown that so much of it as was potentially the wife's when acquired by the community estate had at the time of such acquisition a value greater than at the testator's death; for if one-half of this property is not to be regarded as coming to

[2] SEC. 208. (b) In the case of any taxpayer (other than a corporation) who for any taxable year derives a capital net gain, there shall (at the election of the taxpayer) be levied, collected and paid, in lieu of the taxes imposed by sections 210 and 211 of this title, a tax determined as follows:

A partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner provided in sections 210 and 211, and the total tax shall be this amount plus 12½ per centum of the capital net gain.

the petitioner as a legacy and its basis of value determinable, therefore, under section 204 (a) (5), we must fix its basis as cost to the petitioner as required by subsection (a) of the same section. For these reasons, it is unnecessary for us to give this issue consideration.

*Judgment will be entered under Rule 50.*