F. STRAUSS & SON, Inc., OF ARKAN
SAS, Petitioner,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 15864.

United States Court of Appeals
Eighth Circuit.

Jan. 24, 1958.

Rehearing Denied March 3, 1958.

Leonard L. Scott and E. Charles Eich-
enbaum, Little Rock, Ark. (W. S. Miller,
Jr., Little Rock, Ark., was with them on
the brief), for petitioner.

David O. Walter, Attorney, Depart-
ment of Justice, Washington, D. C.
(Charles K. Rice, Asst. Atty. Gen., Lee
A. Jackson and Grant W. Wiprud,
Attys., Department of Justice, Washing-
ton, D. C., were with him on the brief),
for respondent.

Before GARDNER, Chief Judge, and
WOODROUGH and VOGEL, Circuit
Judges.

GARDNER, Chief Judge.

This matter is before us on petition to
review a decision of the Tax Court which
determined a deficiency in petitioner's
income tax for the year 1950 in the
amount of $10,386.12.

Taxpayer is a corporation which at all
times here pertinent was engaged in the
wholesale liquor business in Little Rock,
Arkansas. The sale of liquor in Arkan-
sas has been legal since 1935, subject
to state laws providing for county-
wide option. At a general election held
in November, 1950, there was submitted
to vote, pursuant to the Arkansas law, an
initiated measure in the nature of a
state-wide prohibition act which by its
terms would have made it unlawful to
manufacture, sell, barter, loan or give
away intoxicating liquors within the
State of Arkansas, or to export from,
import to or transport the same within
the state.

In this situation taxpayer and eight
other wholesale liquor dealers organized
a corporation known in the record as the

Arkansas Legal Control Associates, Inc., which we shall hereinafter refer to as the corporation. The purpose of the wholesalers in forming the corporation was to persuade the electorate to vote against the proposed prohibition act, and for the period from May 30 to November 30, 1950, the corporation received contributions totaling $126,265.84 and disbursed over $100,000 for direct advertising through newspapers, radio, billboards, book matches, bar banners, special folders and press releases. Such advertising contained arguments designed to convince the voters that it was in the public interest to defeat the proposed prohibition act. Taxpayer's contribution to the corporation amounted to $9,252.67. On its income tax return for 1950 taxpayer deducted this amount from gross income as an ordinary and necessary business expense but the Commissioner disallowed this deduction.

In the Tax Court taxpayer contended that its payment to the corporation was deductible as a business expense, or alternatively, as a contribution. The Tax Court determined that the payment made by taxpayer to the corporation was neither deductible as a contribution under Section 23(q) of the Internal Revenue Code of 1939 nor as a business expense under Section 23(a) (1) (A) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(a) (1) (A) (q). Taxpayer has now abandoned its contention that this payment to the corporation was a contribution deductible under Section 23(q) of the Internal Revenue Code of 1939, but adheres to its contention that its payment to the corporation was an ordinary and necessary business expense under Section 23(a) (1) (A) of the Internal Revenue Code of 1939, and that is the sole question presented for our determination.

Section 23(a) (1) (A) reads in part as follows:

"In computing net income there shall be allowed as deductions: * * * All the ordinary and neces-sary expenses paid or incurred during the taxable year in carrying on any trade or business * * *."

The statute does not define nor determine what is or is not an "ordinary and necessary" business expense. Deductions are a matter of legislative grace and do not turn on general equitable considerations and the burden of clearly showing the right to the claimed deduction is on the taxpayer. Deputy v. DuPont, 308 U.S. 488, 60 S.Ct. 363, 84 L. Ed. 416; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Omaha Nat. Bank v. Commissioner of Internal Rev., 8 Cir., 183 F.2d 899, 25 A.L.R.2d 628; O'Malley v. Yost, 8 Cir., 186 F.2d 603; Wetterau Grocer Co. v. Commissioner of Internal Rev., 8 Cir., 179 F.2d 158; Montana Power Company v. United States, 3 Cir., 232 F. 2d 541. In New Colonial Ice Co. v. Helvering, supra, the rule is stated as follows [292 U.S. 435, 54 S.Ct. 790]:

"Whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed."

In Omaha Nat. Bank v. Commissioner of Internal Rev., supra, in referring to the rule to be followed in determining income tax deductions we said [183 F.2d 902]:

"In examining the taxpayer's argument we are required to be mindful of the rule that an income tax deduction is a matter of legislative grace and that the burden of clearly showing the right to the claimed deduction is on the taxpayer."

The statute allowing deductions for ordinary and necessary business expenses, as has been observed, does not define nor determine what is or is not an ordinary and necessary business expense. In this situation Section 29.23(q)-1, Treasury Regulation 111, was adopted definitely describing certain classes of expenditures as not allowable deductions

under this statute. The regulation reads as follows:

"* * * Sums of money expended for lobbying purposes, the promotion or defeat of legislation, the exploitation of propaganda, including advertising other than trade advertising, and contributions for campaign expenses are not deduct-ible from gross income."

This regulation has been in effect for nearly forty years and is in the nature of a proclaimed policy. It was considered and sustained by the Supreme Court in Textile Mills Securities Corp. v. Com'r, 314 U.S. 326, 62 S.Ct. 272, 279, 86 L.Ed. 249. In that case the court disallowed as deductions expenditures for services rendered in an attempt to procure legislation authorizing payment of claims submitted by former enemy aliens. In the course of the opinion the court among other things said:

"The words 'ordinary and necessary' are not so clear and unambiguous in their meaning and application as to leave no room for an interpretative regulation. The numerous cases which have come to this Court on that issue bear witness to that. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212; Deputy v. duPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416, and cases cited. Nor has the administrative agency usurped the legislative function by carving out this special group of expenses and making them non-deductible. We fail to find any indication that such a course contravened any Congressional policy. Contracts to spread such insidious influences through legislative halls have long been condemned. Trist v. Child, 21 Wall. 441, 22 L.Ed. 623; Hazelton v. Sheckels, 202 U.S. 71, 26 S.Ct. 567, 50 L.Ed. 939. Whether the precise arrangement here in question would violate the rule of those cases is not material. The point is that the general policy indicated by those cases need not be disregarded by the rule-making authority in its segregation of nondeductible expenses. There is no reason why, in absence of clear Congressional action to the contrary, the rule-making authority cannot employ that general policy in drawing a line between legitimate business expenses and those arising from that family of contracts to which the law has given no sanction. The exclusion of the latter from 'ordinary and necessary' expenses certainly does no violence to the statutory language. The general policy being clear it is not for us to say that the line was too strictly drawn."

See also McDonald v. Commissioner, 323 U.S. 57, 65 S.Ct. 96, 89 L.Ed. 68; Roberts Dairy Co. v. Commissioner of Internal Rev., 8 Cir., 195 F.2d 948; Sunset Scavenger Co. v. Commissioner of Internal Rev., 9 Cir., 84 F.2d 453; Cammarano v. United States, 9 Cir., 246 F.2d 751; Revere Racing Association v. Scanlon, 1 Cir., 232 F.2d 816; American Hardware & Equipment Co. v. Commissioner of Internal Rev., 4 Cir., 202 F.2d 126.

Taxpayer is a corporation organized for the purpose of conducting a wholesale liquor business. It cannot, we think, be reasonably contended that expenditure in conducting a campaign for the defeat of a proposed prohibition enactment was an ordinary and necessary expense of "carrying on" a wholesale liquor business. The corporation was empowered by its charter to conduct a wholesale liquor business and it was not empowered by its charter or articles of incorporation to conduct political campaigns. In McDonald v. Commissioner, supra [323 U.S. 57, 65 S.Ct. 97], petitioner made very substantial expenditures in his campaign to be re-elected a judge and he sought to deduct these expenditures as ordinary and necessary business expenses. In denying the right to make these deductions, the court among other things said:

"He could, that is, deduct all expenses that related to the discharge

of his functions as a judge. But his campaign contributions were not expenses incurred in being a judge but in trying to be a judge for the next ten years."

In that case, as in the instant case, it was urged that the expenditure was necessary as his defeat in the election would ruin his business. Quite aside from the Treasury Regulation, we think it cannot be said that this statute, Section 23(a) (1) (A) of the Internal Revenue Code of 1939, is a clear provision for such allowance.

It is urged by taxpayer that the quoted regulation, if applicable, is invalid, and in this connection it is contended that as there has been no real re-enactment of the Internal Revenue Code since this regulation was approved by the Supreme Court in the Textile Mills case, supra, the question of its validity is still an open one and, hence, it is not entitled to the support of the principle that repeated Congressional re-enactment of the statutory provision to which a regulation pertains gives it the force and effect of law. The decision in the Textile Mills case was presumably well known to the Congress. The Congress has had many sessions since this decision was handed down and the regulation itself has been in effect for nearly forty years, and presumably that fact was also well known to the Congress. Nevertheless, the Congress has passed no act rejecting the construction given this statute by this regulation. United States v. Armature Rewinding Co., 8 Cir., 124 F.2d 589, 591, 47 C.J.S. Internal Revenue § 70, p. 201. In United States v. Armature Rewinding Co., supra, in referring to the fact that the Congress had passed no act rejecting the construction adopted by the Commissioner of Internal Revenue, we said:

"It has, however, become increasingly apparent that the purpose of a taxing act, the probable intent of Congress, the general statutory scheme of taxation set up, and the construction adopted by the Com-missioner of Internal Revenue and not rejected by Congress must all be given appropriate effect in determining what meaning is to be accorded a word or a phrase in such an act."

The applicable rule is succinctly stated in 47 C.J.S. Internal Revenue, supra, as follows:

"A treasury department regulation construing and interpreting an internal revenue statute is deemed approved by congress where congress thereafter substantially reënacts the statute. *A similar inference of congressional approval of the regulation is made where a substantial period of time has elapsed since the promulgation of the regulation and congress has not acted with respect to the statute * *.*" (Italics supplied.)

Manifestly, under this regulation the deductions here claimed did not constitute ordinary and necessary business expenses.

Taxpayer contends that the doctrine of the Textile Mills case has been modified by the decisions of the Supreme Court in Commissioner of Internal Revenue v. Heininger, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171, and Lilly v. Commissioner, 343 U.S. 90, 72 S.Ct. 497, 96 L.Ed. 769. The argument is plausible but not convincing. The Textile Mills case sustained without qualification the regulatory provision in question as valid. In Commissioner of Internal Revenue v. Heininger and Lilly v. Commissioner, both supra, the decisions were not based upon the Treasury Regulations but the question was whether certain expenditures were non-deductible because contrary to public policy. The court held they were not contrary to public policy and, hence, deductible. We think these decisions detracted nothing from the teaching of the decision in the Textile Mills case.

We have considered all the other contentions urged by taxpayer but think them without merit. The decision of the Tax Court is therefore affirmed.