*Decision will be entered under Rule 50.*

ALEX H. WASHBURN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75379.  Filed March 11, 1960.

*William S. Miller, Jr., Esq.*, for the petitioner.
*H. D. Rogers, Esq.*, for the respondent.

BRUCE, *Judge:* This proceeding involves a deficiency in Federal income tax determined against the petitioner for the year 1955 in the amount of $2,015.78. The sole issue is whether a $6,024.96 expenditure incurred in circulating a petition to refer an Act of the Arkansas State legislature to a vote by the people of Arkansas is deductible under section 162 or section 212(1) or (2) of the Internal Revenue Code of 1954.

### FINDINGS OF FACT.

The stipulated facts are so found and are incorporated herein by this reference.

Alex H. Washburn (hereinafter referred to as petitioner), an individual resident at Hope, Arkansas, filed his individual income tax return for the year 1955 with the district director of internal revenue in Little Rock, Arkansas.

During the year 1955, petitioner was the publisher and editor of the Hope Star, a newspaper published at Hope, Arkansas. Said newspaper was owned by Star Publishing Company, an Arkansas corporation. Petitioner owned 50 per cent of the capital stock of the Star Publishing Company, and was its only salaried officer.

In 1955 the Arkansas State legislature passed an act which exempted livestock and poultry feeds from the then-existing 2 per cent State sales tax.

During the year 1955, petitioner paid the following amounts for expenses incurred in securing the required number of signatures for the purpose of referring to the people for a popular vote at the November 1955 general election an Act of the Legislature of the State of Arkansas granting sales tax exemption on livestock and poultry feeds:

| | |
|---|---:|
| Direct canvassing expense | $3,266.42 |
| Hotels—canvassing | 223.10 |
| Postage, printing, express | 558.18 |
| Telephone | 444.35 |
| Legal services | 1,500.00 |
| Expenses, reimbursed to attorneys | 32.91 |
| Total | 6,024.96 |

Petitioner claimed said total amount of $6,024.96 as a deduction on his individual income tax return for the year 1955 and respondent disallowed the deduction.

The purpose of the $6,024.96 expenditure made by petitioner in 1955 was to render null and void the legislative Act passed in 1955 granting sales tax exemption to livestock and poultry feeds.

Petitioner felt that if the exemption of livestock and poultry feeds from the 2 per cent sales tax should continue, an increase in the overall sales tax rate would ultimately result; that such an increase in sales tax in Arkansas would cause many purchasers to go to Texarkana, a neighboring town in Texas which had no sales tax, thus reducing business in Hope; that such loss of business by the merchants of Hope would cause a reduction particularly in the advertising income of the Star Publishing Company and so in the personal income of the petitioner. The sales tax rate in Arkansas was later increased to 3 per cent.

The $6,024.96 expenditure incurred by petitioner in 1955 for the purpose of referring an Act of the State legislature to a vote by the people of Arkansas was not ordinary and necessary to the carrying on of petitioner's trade or business, or for the production or collection of income or for the management, conservation, or maintenance of property held for the production of income.

### OPINION.

Petitioner contends that the $6,024.96 expenditure which he incurred in circulating a petition to refer an Act of the State legislature granting sales tax exemption on livestock and poultry feeds to a vote by the people of Arkansas was ordinary and necessary to the carrying on of his trade or business and therefore is deductible under section 162, I.R.C. 1954.[1] Alternatively, petitioner contends that said amount is deductible under section 212(1) or (2)[2] as a nonbusiness expense ordinary and necessary for the production of income.

Preliminarily, respondent, on reply brief, argues that petitioner's contention that the expenditures involved are ordinary and necessary business expenses within the meaning of section 162 was not set out as an assignment of error in his petition or mentioned in his opening statement at the hearing, but was made for the first time in his opening brief. Accordingly, respondent argues, this issue may not be considered by this Court, citing *Jean Conrad*, 27 B.T.A. 741, and *William Greenberg*, 25 T.C. 534.

The assignment of error set forth in the petition challenges respondent's determination in substantially the same language em-

---

[1] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *

[2] SEC. 212. EXPENSES FOR PRODUCTION OF INCOME.

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

(1) for the production or collection of income;

(2) for the management, conservation, or maintenance of property held for the production of income; * * *

ployed by respondent in his explanation of the adjustment accompanying the notice of deficiency, and, in our opinion, is sufficiently broad to encompass petitioner's contentions, particularly when considered in connection with the facts set forth in the petition. In any event, we do not deem it necessary to enter into any extended discussion of this technical question, in view of our conclusions adverse to petitioner's contentions on the merits.

The instant case clearly comes within the purview of *Cammarano* v. *United States*, 358 U.S. 498 (1959),[3] where it was held that amounts paid in furtherance of publicity programs designed to persuade voters to vote against initiative legislation are not deductible as ordinary and necessary business expenses under the predecessor of section 162 and under applicable regulations prohibiting as deductions "sums of money expended for lobbying purposes, the promotion or defeat of legislation, the exploitation of propaganda, including advertising other than trade advertising," Regulations 111, sections 29.23(o)–1 and 29.23(q)–1,[4] even though the passage of such initiative legislation would have seriously affected taxpayers' businesses. We cannot accept petitioner's argument that *Cammarano* is limited to enumerated "matters of publicity * * * designed to influence the opinions of the general public." 358 U.S. 498, 504–505. The amounts paid by petitioner in securing signatures for the referendum petition are as much expenses for "the promotion or defeat of legislation" as were the publicity expenses involved in *Cammarano*. No logical distinction can be drawn between an initiative and a referendum. In *Cammarano* the Supreme Court held that "initiatives are plainly 'legislation' within the meaning of these Regulations," and commented that other courts had found "these provisions to be fully as applicable to initiatives and referendums as to any other kind of legislation," citing, *inter alia*, *Old Mission Portland Cement Co.* v. *Commissioner*, 69 F. 2d 676, affirmed on other issues, 293 U.S. 289. Accordingly, petitioner's deduction under section 162 must be denied.

Petitioner's alternative contention is that the foregoing $6,024.96 expenditure is deductible under section 212(1) or (2) as an expense ordinary and necessary for the production or collection of income or for the management, conservation, or maintenance of property held for the production of income. The term "ordinary and necessary" as it is used in section 212 means that expenses, in order to be deductible, must bear a reasonable and proximate relation to the production or collection of income, or for the management, conserva-

---

[3] Affirming in one opinion 246 F. 2d 751 (C.A. 9), and *F. Strauss & Son, Inc., of Ark.* v. *Commissioner*, 251 F. 2d 724 (C.A. 8).

[4] Similar, but more detailed, prohibitions as to deductibility by both individuals and corporations are consolidated in regulations applicable under the 1954 Code. See Income Tax Regs., sec. 1.162–15(c), adopted December 28, 1959.

tion, or maintenance of property held for such purpose. *Trust of Bingham* v. *Commissioner*, 325 U.S. 365. Petitioner's principal and immediate purpose in supporting the referendum was to remove the exemption from sales tax of livestock and poultry feeds which, if not removed, might result in an overall increase in the rate of the sales tax in Arkansas, which in turn might drive business away from Hope, Arkansas, to the town of Texarkana, Texas, where there was no sales tax, which decrease in business in Hope might adversely affect the advertising income of the publishing company and eventually the salary and dividend income of petitioner. The possible benefit to petitioner that might have resulted from the passage of such legislation is too remote and uncertain to justify the deduction of the expenditures involved under section 212.

Furthermore, under the teaching of *Trust of Bingham* v. *Commissioner, supra,* section 212 provides a class of nonbusiness deductions coextensive with the business deductions allowed by section 162. The enactment of the predecessor of section 212 "merely enlarged the category of incomes with reference to which expenses were deductible. It did not enlarge the range of allowable deductions of 'business' expenses." *McDonald* v. *Commissioner*, 323 U.S. 57, 62. In view of the consistent disallowance as business expenses, by both court decisions and Treasury regulations, of amounts paid for "the promotion or defeat of legislation," deductibility under section 212(1) or (2), as a nonbusiness expense, must likewise be denied.

*Decision will be entered for the respondent.*