RALPH B. WEBB AND ELIZABETH S. WEBB, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5186–69SC.   Filed February 8, 1971.

*Bernard Haselkorn*, for the petitioners.
*A. Mills McCawley*, for the respondent.

SIMPSON, *Judge:* The respondent determined a deficiency of $486.82 in the income tax of the petitioners for the taxable year 1965. The issue for decision is whether a real estate broker may deduct $2,000 which he paid as an initiation fee to the Homeowners Multiple Listing Service, Inc., as an ordinary and necessary business expense, or as an expense for the production of income.

#### FINDINGS OF FACT

Some of the facts have been stipulated, and those facts are so found. The petitioners, Ralph B. Webb and Elizabeth S. Webb, are hus-

band and wife, who maintained their legal residence in Williston Park, N.Y., at the time the petition was filed in this case. For the taxable year 1965, they filed their joint Federal income tax return, using the cash method of accounting, with the district director of internal revenue, Brooklyn, New York. Mr. Webb will be referred to as the petitioner.

The petitioner, a real estate broker, purchased a real estate business in 1962 and has operated it continuously to the present time. In 1965, such business was known as George C. McFarland Real Estate, and was located in Williston Park.

In that year, the petitioner joined a listing service organization called Homeowners Multiple Listing Service, Inc. (the Service). Each of the 14 brokers who were members of that organization submitted listings of houses for sale to a central office, which in turn distributed the listings to the other members. This procedure made more listings, and hence more income, available to each member. If the property was sold by a broker other than the one who listed it with the Service, both the selling broker and the listing broker would derive income from such sale. Even if one of the member brokers secures an exclusive listing, he shares it with the other members of the Service by virtue of their membership.

As a necessary condition precedent to membership in the Service, the petitioner paid the sum of $2,000 as an initiation fee. The payment of such fee was a nonrecurring event; if a member left the Service, he could not recover any part of it. Membership in the Service was maintained by the payment of dues of $200 each year. The petitioner was still a member of the Service at the time of trial.

The petitioner has realized, and continues to realize, additional income as a result of his membership in the Service. The benefits of his membership are expected to continue until such time as the membership is terminated.

OPINION

We must decide whether the petitioner is entitled to deduct the amount of the initiation fee which he paid in 1965 to Homeowners Multiple Listing Service, Inc., as an ordinary and necessary business expense under section 162(a), I.R.C. 1954,[1] or as an expense paid for the production of income under section 212.

As a general rule, an amount expended to acquire an asset which has a useful life of more than 1 year in the taxpayer's business is

---

[1] All statutory references are to the Internal Revenue Code of 1954.

treated as a capital investment and is not deductible from current income as an ordinary and necessary business expense. *United States v. Akin*, 248 F. 2d 742, 744 (C.A. 10, 1957), certiorari denied 355 U.S. 956 (1958); *Bay Counties Title Guaranty Co.*, 34 T.C. 29, 39 (1960), affirmed per curiam 288 F. 2d 187 (C.A. 9, 1961). See also *Acer Realty Co. v. Commissioner*, 132 F. 2d 512, 514 (C.A. 8, 1942), affirming 45 B.T.A. 333 (1941). Such rule is applicable irrespective of whether the item purchased is a tangible property right; the rule is applicable to any business benefit of the taxpayer extending well beyond the year of payment. *United States v. Akin, supra; George Wynn Smith*, 55 T.C. 133 (1970), on appeal (C.A. 6, Jan. 25, 1971); *Arthur E. Ryman, Jr.*, 51 T.C. 799 (1969); *Glenn L. Heigerick*, 45 T.C. 475, 479 (1966). *Ryman* involved a lawyer's payment for admission to the bar, and *Heigerick*, a doctor's payment for staff privileges in a hospital. See also Rev. Rul. 70–171, 1970–1 C.B. 55.

More specifically, we have held that a nonrecurrent initiation fee paid to an organization, the services of which benefit the taxpayer in its business, is a capital expenditure rather than an ordinary and necessary business expense. *Mercantile National Bank at Dallas*, 30 T.C. 84 (1958), affirmed on another issue 276 F. 2d 58 (C.A. 5, 1960); *Grace National Bank of New York*, 15 T.C. 563 (1950), affirmed per curiam 189 F. 2d 966 (C.A. 2, 1951). In those cases, as in the present one, the initiation fee had to be paid in addition to the regular dues, it was a condition precedent to membership, and the utility of the membership was expected to continue until the membership was terminated, a period of time extending indefinitely into the future. Similarly, in *Grace National Bank of New York*, no part of the initiation fee would be refunded upon termination of the membership.

The petitioner argues that the membership in the listing service resulted in the production of additional income and that for such reason, this case is distinguishable from Grace National Bank of New York. However, if the asset acquired benefits the business for an indefinite period, the asset is a capital one, irrespective of whether it results in the production of additional income or benefits the business in some other manner. *Arthur E. Ryman, Jr., supra; Glenn L. Heigerick, supra.*

The petitioner relies on I.T. 3634, 1944 C.B. 90, which held that the initiation fee required to be paid to a labor union was deductible as an ordinary and necessary business expense. However, such ruling was declared obsolete by Rev. Rul. 69–43, 1969–1 C.B. 310, 312. Moreover, the revenue ruling dealt only with initiation payments made to

a labor union. We need not pass upon whether there is a basis for distinction between such payments and the one in this case because, in any event, it seems altogether clear that under a long line of authorities, the initiation payment made by the petitioner should be treated as a capital expenditure.

We turn next to the petitioner's alternative argument that the initiation fee is deductible as an ordinary and necessary expense paid for the production of income under section 212. Our conclusion that the initiation fee was a capital expenditure rather than an ordinary and necessary business expense is dispositive of the argument pertaining to section 212 as well; that section allows a class of nonbusiness deductions which is coextensive with the class of business deductions allowed by section 162. Section 212 also includes the rule that capital expenditures are not deductible. *Robert L. Wilson*, 37 T.C. 230, 233 (1961), affirmed per curiam 313 F. 2d 636 (C.A. 5, 1963) ; *Alex H. Washburn*, 33 T.C. 1003, 1007 (1960), affd. 283 F. 2d 839 (C.A. 8, 1960), certiorari denied 365 U.S. 844 (1961).

*Decision will be entered for the respondent.*