EDWARD F. ROSS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ross v. Commissioner
Docket No. 22271-82.
United States Tax Court
T.C. Memo 1984-352; 1984 Tax Ct. Memo LEXIS 321; 48 T.C.M. (CCH) 487; T.C.M. (RIA) 84352; July 11, 1984. Edward F. Ross, pro se. Paul H. Weisman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456(c) and (d), [1] General Order No. 8 (81 T.C. XXIII) (1983) and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts her opinion which is set forth below. *322 OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: Respondent determined a deficiency in Federal income tax for 1978 in the amount of $8,433 and an addition to tax under section 6653(a) in the amount of $503. The deficiency is based upon a failure to report gross receipts of $16,260 received by petitioner for chiropractice services. The deficiency notice was based upon reports on Forms 1099 of fees paid petitioner. Respondent, however, has conceded that $3,950.05 of the amounts set forth in the notice of deficiency was not unreported and the correct deficiency and addition to tax should be $6,470.90 and $405, respectively. Petitioner has conceded that he received $12,309.95 in fees and compensation which was not reported in 1978. [3] However, petitioner now alleges at trial that he had additional business expenses which were attributed to the unreported income. Petitioner resided in Anaheim, *323 California, at the time of filing his petition herein. In the petition, petitioner made various allegations of a tax protester nature, all frivolous and completely meritless. He alleged that he was not required to file a return or pay a tax, [4] that the received nothing of known tangible value that qualified as income in 1978 and that he did not volunteer to self-assess himself. These allegations are so frivolous and groundless as not to warrant any extended discussion. See Rowlee v. Commissioner,80 T.C. 1111 (1983). Petitioner had the good sense to abandon most of these arguments at trial. Petitioner argued at trial, as well as in his petition, that requiring him to produce financial information and bear the burden of proving that the deficiency notice is incorrect without a grant of immunity and violates his rights under the Fourth and Fifth Amendments. The determinations made by respondent in the notice of deficiency are presumed correct and petitioner bears the burden of proving that respondent's determination is incorrect. *324 Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Requiring petitioner to bear the burden of proof is not a denial of due process. Rockwell v. Commissioner,512 F.2d 882 (9th Cir. 1975), affg. a Memorandum Opinion of this Court, cert. denied 423 U.S. 1015 (1975). Petitioner's claim that his Fourth and Fifth Amendment rights have been violated is utterly devoid of merit. Requiring taxpayers, who institute civil proceedings protesting deficiency notices, to produce records or face dismissal constitutes no invasion of privacy or unlawful search or seizure. Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981). Petitioner also contends that requiring him to produce records and answer various questions violates his Fifth Amendment privilege against self-incrimination. To invoke the Fifth Amendment privilege, petitioner must be faced with substantial hazards of self-incrimination that are real and appreciable, and must have reasonable cause to apprehend such danger. The privilege may not be used as a *325 method of evading payment of lawful taxes. Edwards v. Commissioner,supra.A taxpayer may not use the Fifth Amendment privilege, even when properly invoked, to meet their burden of proof in civil proceedings they have instituted. United States v. Rylander, 460 U.S.     (Apr. 19, 1983). There is nothing whatever in the record which indicates that petitioner is faced with a hazard of self-incrimination, substantial or otherwise, or that he had reasonable cause to apprehend such danger. Petitioner never explained his fear of criminal prosecution although requested to do so, claiming that even approaching the topic would be incriminating. At trial petitioner presented evidence seeking to establish additional business expenses which he claimed were attributable to the unreported income. [5] Petitioner offered into evidence copies of the fronts of checks made out to his three children purportedly for services they performed at his office. At the time payments for services were allegedly made, Patty Ross was 13 years [6] old, Mark Ross was 16 years old, and Kevin Ross was 19 years old. Despite the fact that the trial was continued until a later date in order *326 to given petitioner an opportunity to obtain copies of the backs of the checks or introduce the actual checks, such evidence was never offered. It is a well established rule that the failure of a party to introduce evidence within his possession which, if true, would be favorable to him, gives rise to the presumption that if produced it would be unfavorable. Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Petitioner has failed to bear his burden of proving that he paid certain amounts by check to his children and has further failed to show that such payments constituted ordinary and necessary business expenses of his chiropractic practice. Petitioner testified to payments of wages, FICA tax and quarterly Unemployment Insurance Contributions to California. [7] However, he failed to offer payroll journals or canceled checks to establish *327 that these payments were actually made. We can only assume that such records are not helpful to petitioner's position. Petitioner did not file a Schedule C with his 1978 Federal income tax return, therefore, it is impossible to ascertain whether these payments, if in fact made, were deducted from the incomplete income reported on the return. We are not convinced by petitioner's testimony that if in fact these payments were made, they were not already deducted on petitioner's 1978 tax return. Petitioner's 19-year old son, Kevin, who attended California Institute of the Arts, testified that he had made a sign which advertised "Ross Chiropractic Group" in 1978.He testified that the sign was four feet by two feet and that he worked on it from July or August through September of 1978. Kevin stated that the contract for painting the sign was for about $1,000 which he testified was paid by check. The canceled check was not offered in evidence. Petitioner seeks to deduct the $1,000 as an ordinary and necessary business *328 expense under section 162. As a general rule, an amount expended to acquire an asset which will be used for more than one year in the taxpayer's business is treated as a capital investment and is not currently deductible. Webb v. Commissioner,55 T.C. 743 (1971). The sign which petitioner's son made would have been used for more than one year, therefore, the $1,000 is a nondeductible capital expenditure if in fact it was made. Sec. 263. As to the addition to tax asserted pursuant to section 6653(a), petitioner bears the burden of proving that respondent's determination is incorrect. Welch v. Helvering,supra. Petitioner has failed to meet his burden. Petitioner admitted that he had income which was not reported. He was aware that he was required to report all income. Rowlee v. Commissioner,supra.It is apparent that petitioner was negligent or intentionally disregarded the requirements to report all income in preparing his 1978 income tax return. Therefore, our decision is for the respondent as to liability for the addition to tax under section 6653(a). Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Petitioner stipulated to the receipt of the amounts in question but went on to state "However, I wish to stipulate that if in the sometime future it is proven that fees and compensation are proven not to be income, then I do not stipulate that they were income."↩
4. We note that petitioner did in fact file a return for 1978, indicating taxable income of $9,846 and tax in the amount of $1,241.↩
5. Although the existence of additional expenses was not covered in the petition, the evidence was heard without respondent's objection. ↩
6. Petitioner in an earlier tax year attempted to deduct payments to Patty for services when she was only vie years old.↩
7. None of the documentation offered by petitioner to establish payments of wages, FICA tax, and unemployment insurance listed petitioner's children as employees.↩