T.C. Memo. 2017-103

UNITED STATES TAX COURT

JOSEPH WAGES AND JENNIFER G. WAGES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27579-12.                          Filed June 7, 2017.

H operated bail bonding and towing businesses throughout tax
years 2008, 2009, and 2010.  In connection with his bail bonding
business, H made payments into a surety's indemnity fund,
deductions for which R denied for tax years 2008, 2009, and 2010.
R also changed Ps' accounting method, requiring the inclusion in
income of the indemnity fund's balance as of January 1, 2008.

With respect to H's business activities, Ps also claimed deductions
for tax years 2008, 2009, and 2010, which R denied, for car and truck
expenditures, office expenditures, insurance, subcontractors, cost of
goods sold, depreciation, and supplies.  R's further adjustments to Ps'
tax items for the 2008, 2009, and 2010 tax years are not in dispute.

<u>Held</u>:  R's adjustments are sustained because Ps have failed to
prove by a preponderance of the evidence that the determinations in
the notice of deficiency are incorrect.

**[*2]**   James G. McGee, Jr., and William H. Webb, for petitioners.

Edwin B. Cleverdon, Brooke W. Patterson, John F. Driscoll, and Horace Crump, for respondent.

MEMORANDUM OPINION

LARO, Judge:  This case arises out of respondent's adjustments to petitioners' returns for the 2008, 2009, and 2010 tax years.  The case was submitted fully stipulated for decision without trial.  See Rule 122.[1]

Respondent determined deficiencies in petitioners' Federal income tax, as well as additions to tax and penalties under sections 6651(a)(1) and 6662(a), respectively, for the taxable years and in the amounts as follows:

| Year | Deficiency | Additions to tax sec. 6651(a)(1) | Penalties sec. 6662(a) |
|------|-----------|-----------|-----------|
| 2008 | $79,913 | $11,986.95 | $15,982.60 |
| 2009 | 37,316 | 9,329.00 | 7,463.20 |
| 2010 | 66,567 | 16,641.75 | 13,313.40 |

Petitioners have conceded all adjustments, along with the general applicability of the additions to tax under section 6651(a)(1) and penalties under section 6662(a),

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code applicable for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] except that they dispute respondent's change to their method of accounting and his disallowance of certain claimed deductions.

After petitioners' concessions, we decide these remaining issues:

(1) whether petitioners may deduct for tax years 2008, 2009, and 2010 payments made to an indemnity fund maintained with respect to Joseph Wages' bail bonding activity. We hold that they may not;

(2) whether respondent properly changed petitioners' accounting method with respect to Mr. Wages' indemnity fund related to his bail bonding activity, resulting in additional income for tax year 2008. We hold that he did;

(3) whether petitioners have substantiated their claimed deductions for car and truck expenditures, office expenditures, insurance, subcontractors, cost of goods sold, depreciation, and supplies for tax years 2008, 2009, and 2010 with respect to Mr. Wages' bail bonding activity. We hold that they have not.

## Background

I.   Overview

The parties submitted this case fully stipulated under Rule 122. The Court subsequently ordered the parties to file simultaneous opening and answering briefs. Respondent filed two briefs; petitioners opted to file only an opening brief. The stipulations of facts and settled issues are incorporated herein. Petitioners are

**[*4]** residents of Mississippi. This case is appealable to the Court of Appeals for the Fifth Circuit absent stipulation of the parties to the contrary.

## II.     Mr. Wages' Business Activities

While the Court left the record in this case open for a month and a half after the parties' submission of their first stipulation of facts, no supplemental stipulation of facts followed during that time (one was filed later solely to introduce evidence of the petition's timely mailing); nor has either party moved to enter any substantive evidence beyond the agreed-upon statements in the first stipulation of facts and the stipulation of settled issues. Accordingly, we must render our decision on the basis of the record before us, limited as it may be.

The record shows that during the years at issue Mr. Wages operated bail bonding and towing businesses, to which respondent's adjustments relate. As part of his bail bonding business, Mr. Wages made certain payments to an indemnity fund. Furthermore, he claims to have incurred various expenses (which petitioners sought to deduct on their Federal income tax returns, and which, to the extent they remain disputed, are enumerated below) in the course of his bail bonding and towing businesses.

**[\*5]** III.     Petitioners' Tax Returns

Petitioners admit that they neglected to file timely their Federal income tax returns for the years in issue.  Their 2008 return was due on October 15, 2009, but was filed on January 4, 2010.  Their 2009 return was due on April 15, 2010, but was filed on May 24, 2011.  And their 2010 return was due on April 15, 2011, but was filed on October 19, 2011.

Petitioners' tax returns have not been entered into the record, nor have the parties stipulated the content thereof.  Nonetheless, from the pleadings we gather that petitioners filed Schedules C, Profit or Loss From Business, on which they claimed deductions for the various expenses at issue here.  Mr. Wages aggregated the income and expenses for his two businesses on a single Schedule C for each of the tax years 2008, 2009, and 2010.  Petitioners attached a separate Schedule C for Jennifer Wages to their 2008 Federal income tax return, which they admit now to having been done in error.

IV.   Respondent's Adjustments and Petitioners' Concessions

Respondent on August 8, 2012, issued a notice of deficiency to petitioners with respect to their income tax liabilities for tax years 2008, 2009, and 2010.  As we noted above, petitioners have conceded some of respondent's adjustments; we concern ourselves with only those that remain disputed.

**[*6]** Respondent determined that payments into an indemnity fund in connection with Mr. Wages' bail bonding business were not currently deductible. Thus respondent adjusted "other income" upward on Mr. Wages's 2008 Schedule C by changing petitioners' accounting method and including in income the $69,963 balance of the indemnity fund as of January 1, 2008, thereby offsetting all previous deductions petitioners had claimed with respect to that indemnity fund. Furthermore, respondent adjusted upward: (1) "insurance" on Mr. Wages' 2008 Schedule C by $46,398; (2) "other expenses" on Mr. Wages' 2009 Schedule C by $33,445; and (3) "other expenses" on Mr. Wages' 2010 Schedule C by $27,912. The parties agree that the amounts at issue are accurate but dispute the legal question of whether petitioners are entitled to claim current deductions for amounts paid to the indemnity fund.

In addition to his denial of a deduction for the indemnity fund payments, respondent disallowed several of petitioners' claimed Schedule C expense deductions on the grounds that petitioners failed to establish that the amounts were ordinary and necessary business expenses, were expended for the purposes designated, and were substantiated as required by section 274(d). Respondent also disallowed petitioners' claimed depreciation deductions on the grounds that petitioners failed to establish that any property was depreciable or used in a trade

**[*7]** or business, or that they had a cost or other basis in it. Thus, respondent made the following disputed upward adjustments to the Schedule C items for the tax years specified:

| Item | 2008 | 2009 | 2010 |
|------|------|------|------|
| Car/truck expenses | $24,589 | $17,669 | $8,794 |
| Office expenses | 3,500 | -0- | -0- |
| Insurance | -0- | 4,499 | 4,881 |
| Contract labor | 121,500 | -0- | 148,645 |
| COGS-- purchases | -0- | 63,687 | -0- |
| Depreciation/179 | -0- | 7,572 | 18,171 |
| Supplies | -0- | -0- | 19,924 |

Petitioners claim that, although they do not have all the underlying records with respect to these expenses, the stipulated documentation in this case is sufficient to support deductions for them.

The parties further agree that the adjustments in the notice of deficiency relating to self-employment tax, the deduction for self-employment tax, exemptions, and the net operating loss carryforward are automatic and subject to change based on the substantive adjustments in this case. The parties concur that the penalties under section 6662(a) and the additions to tax under section 6651(a)(1) apply as indicated in the notice of deficiency.

**[*8]** V.      <u>Timeliness of Petition</u>

The last day for petitioners to file a petition with the Court was November 6, 2012. The petition, signed by petitioners' counsel and dated November 6, 2012, was received and filed by the Court in the morning of November 13, 2012. The envelope in which the petition arrived bore "stamps.com" postage and a certified mail sticker with a tracking number. There was no postmark, however, and since the Court received the petition after the date prescribed for filing it, the Court sua sponte raised the question of its jurisdiction under section 6213(a) to decide the case. Unless petitioners could show that they timely mailed their petition, they could not avail themselves of the section 7502(a) mailbox rule, which allows a timely mailed document to be treated as timely filed.

Notwithstanding initial difficulties in finding evidence of their timely mailing of the petition, petitioners eventually found a certified mail receipt and the corresponding return receipt, each bearing a tracking number corresponding to that on the envelope in which the petition was mailed. The certified mail receipt bore a U.S. Postal Service postmark dated November 6, 2012, which under section 301.7502-1(c)(2), Proced. & Admin. Regs., is treated as the postmark date of the mailed document. The parties jointly stipulated the validity of the certified mail receipt and further stipulated that it shows that petitioners timely filed their

**[*9]** petition. Thus, we conclude that the petition (1) was contained in a properly addressed envelope, (2) was deposited within the prescribed time in the mail in the United States with sufficient postage prepaid, and (3) bore a constructive postmark as evidenced by the U.S. Postal Service postmark on the certified mail receipt. See sec. 301.7502-1(c)(1) and (2), Proced. & Admin. Regs. Accordingly, petitioners have established the mailbox rule's applicability to their case, see sec. 7502(a), and borne their burden of proving that we have jurisdiction thereover, see David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), aff'd, 22 F. App'x 837 (9th Cir. 2001).

Discussion

I.    Overview

Generally, the Commissioner's determination of a taxpayer's liability for an income tax deficiency is presumed to be correct, and the taxpayer bears the burden of proving the determination improper by a preponderance of the evidence. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer must prove his entitlement to any deductions claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Taxpayers are obligated to maintain sufficient records to substantiate expenses underlying their claimed deductions. Sec. 6001.

**[*10]** II.     <u>Petitioners' Proposed Findings of Fact</u>

Petitioners have asserted a number of facts in their brief.  Petitioners' proposed findings of fact explain the indemnity fund arrangement between Mr. Wages' bail bonding business and the surety for which it was acting as an agent. The proposed findings of fact further allege that an independent contractor appointed by petitioners as their agent with respect to the bail bonding business, who took over the daily operations of the business after Mr. Wages suffered a stroke, stole petitioners' records and established a competing bail bonding business.  Petitioners state that they have initiated a lawsuit against the former contractor in the circuit court for Rankin County, Mississippi.

Respondent objects to most of petitioners' proposed findings of fact on two grounds:  first, that petitioners failed to comply with Rule 151(e)(3), which requires that each finding of fact cite the "pages of the transcript or the exhibits or other sources relied upon to support the statement", and second, that the asserted facts are allegations not supported by the record before the Court.

We agree with respondent.  The record in this case, notwithstanding the Court's holding it open for a month and a half after the parties' submission of their first stipulation of facts, is barren.  Whatever facts have been established we recite in the "Background" section of this opinion.  Petitioners' remaining proposed

**[\*11]** findings of fact find no support in the record: There are no stipulations, exhibits, or any other sources corroborating them, outside unsworn statements made in petitioners' petition, pretrial memorandum, and brief. Thus, we must accept the limited record in this case as it stands and decide the disputed issues accordingly.

III.  Deductibility of Payments to Indemnity Fund

The parties agree that Mr. Wages made payments to an indemnity fund in the course of his bail bonding business. Respondent disallowed the current deduction thereof in the amounts of $46,398 for 2008, $33,445 for 2009, and $27,912 for 2010.

A.  The Parties' Arguments

In support of his disallowance of petitioners' deductions, respondent cites Sebring v. Commissioner, 93 T.C. 220, 224 (1989), in which this Court held that payments by a bail bondsman into an indemnity fund maintained by the surety for which he is an agent are deposits to secure payment of future liabilities and are not deductible until the insurance company draws from the account to satisfy a specific liability. See also, e.g., Zweifel v. Commissioner, T.C. Memo. 2012-93. Since the record in this case does not indicate that amounts paid into the indemnity fund have qualities or characteristics different from those in Sebring,

[*12] respondent argues, petitioners are unable to satisfy their burden of proof on this issue.

Petitioners rest their argument on a different theory. They contend that the indemnity fund is controlled by a third-party surety and Mr. Wages' bail bonding business has no right to funds within the indemnity account, except insofar as a liability for which the business must indemnify the surety is discharged. Petitioners maintain that because the business has no control over or access to the funds, nor an expectation of their reacquisition, the amounts remitted to the fund should be deductible when paid. Petitioners further argue that should Mr. Wages' bail bonding business reacquire any sums from the indemnity fund in the future, those amounts should be recaptured in that year's gross receipts under the tax benefit rule codified in section 111.

Respondent disagrees with petitioners' theory. First, he points out that petitioners' argument rests on allegations that are not part of the evidentiary record in the case and thus petitioners have not sustained their burden of proof. Second, respondent argues that the tax benefit rule requires the inclusion in income only of a recovered amount for which the taxpayer had received a tax benefit in a prior year, see Hillsboro Nat'l Bank v. Commissioner, 460 U.S. 370 (1983), and does not support a claim for any type of deduction. Section 111, respondent asserts,

**[*13]** ensures only that the liability resulting from the tax benefit rule does not exceed the benefit received in a prior year; it authorizes no deduction.

### B.    Petitioners' Burden of Proof

We agree with respondent that petitioners have failed to satisfy their burden of proof.  As we observed above, the burden is on the taxpayer to prove by a preponderance of the evidence that the notice of deficiency is incorrect.  See Rule 142(a); Welch v. Helvering, 290 U.S. at 115.  Petitioners have adduced no evidence in support of their theory that respondent improperly denied their deductions for payments into an indemnity fund in 2008, 2009, and 2010.  They have introduced nothing into the record that would allow the Court to scrutinize the arrangement between Mr. Wages' bail bonding business and the third-party surety or the nature of the indemnity fund to which the payments were remitted.  Since petitioners have failed to satisfy their burden of proof, we need not reach the substantive legal question of the timing of deductions for payments by a bail bonding agent to an indemnity fund.  Because we are unable to conclude that respondent's denial of petitioners' deductions for the indemnity fund payments was improper, we sustain his determination.

**[\*14]** IV.     Change of Petitioners' Accounting Method

In the notice of deficiency, respondent changed petitioners' accounting method to include in income the $69,963 balance of the indemnity fund as of January 1, 2008.  This change offset previous deductions petitioners had claimed with respect to payments remitted to the indemnity fund.

A.     The Parties' Arguments

Respondent points out that he has the authority under sections 446(b) and 481 to change a taxpayer's method of accounting.  He also cites Rankin v. Commissioner, T.C. Memo. 1996-350, aff'd, 138 F.3d 1286 (9th Cir. 1998), for the proposition that the change in treatment of amounts accumulated in a bail bond indemnity fund before the years in issue in that case was a proper change in method of accounting, because the change affected only the timing of inclusion and not its ultimate fact.  See also Firetag v. Commissioner, T.C. Memo. 1999-355, aff'd without published opinion, 232 F.3d 887 (4th Cir. 2000).  Since the record in this case includes no indication that the indemnity fund had any characteristics different from those of the fund in Rankin, respondent contends, petitioners are unable to satisfy their burden of proof on this issue.

Petitioners in their petition asserted that because respondent's audit and resultant notice of deficiency pertained only to tax years 2008, 2009, and 2010,

[*15] and the limitations periods for previous tax years had expired, the change in accounting method violated petitioners' procedural due process rights and was an attempt by respondent to circumvent the statute of limitations.  However, petitioners failed to advance any argument on the accounting method change in their pretrial memorandum or their brief.

### B.    Petitioners' Burden of Proof

From petitioners' failure in their pretrial memorandum and brief to argue the accounting method change separately from respondent's disallowance of their claimed deductions for the indemnity fund remittances, we infer that they have abandoned their due process and statute of limitations theories.  Since petitioners have abandoned their separate arguments on the change of accounting method, and since they have adduced no evidence with respect to it, we find that they have failed to carry their burden of proof with respect to this adjustment.  See Rule 142(a); Welch v. Helvering, 290 U.S. at 115.  Accordingly, we sustain respondent's change of petitioners' accounting method.

## V.    Deductions for Claimed Expenses

Respondent disallowed the deduction for tax years 2008, 2009, and 2010 of certain expenses for car and truck, office, insurance, subcontractors, cost of goods

[*16] sold, depreciation, and supplies. The denied deductions totaled $149,589 for tax year 2008, $93,427 for tax year 2009, and $200,415 for tax year 2010.

A.     The Parties' Arguments

Respondent argues that while section 162(a) generally allows for the deduction of ordinary and necessary trade or business expenses, and while section 167(a)(1) generally provides a depreciation deduction for the exhaustion, wear, and tear of property used in a trade or business, petitioners have failed to substantiate their expenses in this case. Respondent points out that taxpayers are required to maintain sufficient records to establish their tax liability, see sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd, 540 F.2d 821 (5th Cir. 1976), and that self-serving declarations generally are not a sufficient substitute for records, Weiss v. Commissioner, T.C. Memo. 1999-17, 1999 WL 34813, at *9. Respondent also draws the Court's attention to section 274(d), which imposes strict substantiation rules for certain trade or business expenses, including those for the use of most motor vehicles. In sum, respondent contends that the record in this case contains no documentation or substantiation of petitioners' claimed expenses or depreciation deductions and that petitioners therefore are unable to satisfy their burden of proof on this issue.

**[*17]**  For their part, petitioners assert that through no fault of theirs a third party took their records and that this entitles them to reconstruct their records to substantiate the deductions claimed.  Petitioners point to section 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985), which allows taxpayers to substantiate deductions by reasonable reconstruction "[w]here the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty".  Petitioners further argue that under Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), taxpayers, when unable to produce records of actual expenditures, may rely on reasonable estimates, provided that there is some factual basis therefor.  Petitioners assert that during examination they provided reconstructed records to respondent that should amply satisfy their burden to substantiate their claimed deductions.

Respondent in his answering brief points out that the Cohan rule allows the Court to approximate the amount of an allowable deduction where a taxpayer has established that he paid or incurred a deductible business expense but does not establish its amount; however, the rule applies only where there is sufficient evidence in the record to provide a basis for the estimate.  See Vanicek v.

**[*18]** Commissioner, 85 T.C. 731, 742-743 (1985). And while section 1.274-5T(c)(5), Temporary Income Tax Regs., supra, allows taxpayers to substantiate deductions by reasonable reconstruction, respondent urges that the Cohan rule does not apply to the items required to be substantiated under section 274(d). Respondent argues that the record contains no evidence supporting the claimed deductions. It is irrelevant what documentation petitioners provided to respondent during the underlying examination, respondent contends, because under Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 328 (1974), the Court considers issues de novo on the basis of the record immediately before it.

B.     Substantiation of Petitioners' Deductions

We agree with respondent and find that petitioners have not substantiated their reported expenses. As we took pains to note above, the record in this case is sparse. Petitioners have presented nothing to the Court to establish either the fact of their payment of the expenses in question or the amounts thereof.

Petitioners urge us to apply the Cohan rule to find in their favor. It is true that under Cohan v. Commissioner, 39 F.2d at 543-544, if a taxpayer claims a deduction or tax credit but cannot fully substantiate the underlying expense, the Court may approximate the allowable amount, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his

**[\*19]** own making.  However, the Court must have some basis upon which to make its estimate, else the allowance would amount to "unguided largesse".  Green Gas Del. Statutory Tr. v. Commissioner, 147 T.C. 1, 62 (2016) (citing Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957), and Vanicek v. Commissioner, 85 T.C. at 742-743).

Petitioners claim to have provided "voluminous reconstructed records" to respondent during examination.  Yet none of these records have been provided to the Court.  As respondent correctly noted, this Court does not look behind a notice of deficiency to examine the evidence used:  Proceedings herein are de novo and based on the merits of the case and not on any previous record developed at the administrative level.  Greenberg's Express, Inc. v. Commissioner, 62 T.C. at 327-328.  Whether petitioners provided any substantiating documents to respondent at the examination stage is immaterial.  To the extent they wished us to consider their records, be they original or reconstructed, petitioners should have sought to enter them into the record before this Court.  They had ample time but failed to do so.

In the absence of any evidence before us, we cannot apply Cohan to estimate petitioners' expenses because we have no basis upon which to make such an approximation.  All we have before us are petitioners' unsubstantiated claims in their petition, brief, and other filings that they incurred certain expenses.  These

**[*20]** unsupported statements are insufficient to justify even the roughest estimate of petitioners' true expenses. We therefore agree with respondent that petitioners have failed to satisfy their burden of proof, see Rule 142(a); Welch v. Helvering, 290 U.S. at 115, and sustain his deficiency determinations.

VI.     Additions to Tax and Penalties

Section 6651(a)(1) imposes an addition to tax for failure to file a required return, unless such failure was due to reasonable cause and not willful neglect. Section 6662(a) imposes a 20% accuracy-related penalty on underpayments of tax by reason of negligence or disregard of rules or regulations, a substantial understatement of income tax, or a substantial valuation misstatement, among other grounds specified in section 6662(b).

In addition to deficiencies for tax years 2008, 2009, and 2010, respondent determined an addition to tax under section 6651(a)(1) and a penalty under section 6662(a) for each of those years. The parties stipulated that "[t]he penalties under I.R.C. §§ 6651(a)(1) and 6662(a), as indicated in the notice of deficiency, are applicable". Petitioners on brief argued that because their claimed deductions were proper, the Court should abate the accuracy-related penalties determined against them under section 6662(a). We infer from the parties' stipulation that, in the event we hold against petitioners on their claimed deductions, they concur that

**[\*21]** the additions to tax and the penalties were imposed correctly. We have held respondent's determinations of petitioners' deficiencies for each of the tax years at issue to be correct. Accordingly, the additions to tax and penalties under sections 6651(a)(1) and 6662(a), respectively, apply.

VII. <u>Conclusion</u>

Petitioners' claims that Mr. Wages suffered a stroke and his former associate purloined his records, if true, paint a tragic tale. Regrettably, there is no evidence in the record before us to substantiate either these claims or petitioners' claimed expense deductions. Nor is there sufficient evidence to justify petitioners' claimed deductions of indemnity fund contributions. Thus we must find that petitioners have failed to satisfy their burden of proving by a preponderance of the evidence that the notice of deficiency is incorrect.

We have considered all of the parties' arguments, and to the extent not discussed above, conclude that those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.