T.C. Summary Opinion 2018-6

UNITED STATES TAX COURT

BRANDON BROWN AND CHRISTI CLOANINGER BROWN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2809-16S.                      Filed February 5, 2018.

<u>James G. McGee, Jr.,</u> and <u>William H. Webb</u>, for petitioners.

<u>Jerrika C. Anderson</u> and <u>Horace Crump</u>, for respondent.

SUMMARY OPINION

LARO, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 (Code), as amended and in effect for the tax year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $6,514 deficiency in petitioners' 2013 Federal income tax, and a $1,302.80 section 6662(a) accuracy-related penalty which he has conceded. The sole issue we decide is whether petitioners properly claimed $27,646 as deductible repair expenses instead of depreciable capital expenditures. We hold that petitioners did not properly so claim, and we sustain respondent's determination.

## Background

The parties submitted this case fully stipulated under Rule 122. The stipulation of facts is incorporated herein. Petitioners resided in Mississippi when their petition was filed.

Petitioners listed four properties as commercial on their 2013 Schedule E, Supplemental Income and Loss. For that year petitioners claimed a deduction of $48,466 for rental repairs on two of the four properties: $45,361 on one property and $3,105 on the other.

On November 30, 2015, respondent issued a notice of deficiency for the year at issue, in which he allowed $20,820 as a deduction for rental repairs and disallowed the remaining $27,646, determining that the latter amount was a capital

expenditure that must be added to petitioners' bases in the properties and depreciated over the applicable recovery period. Accordingly, respondent determined that petitioners' depreciation deduction for 2013 should be increased from $8,654 to $10,244. In view of these adjustments, respondent determined a $6,514 deficiency and a $1,302.80 section 6662(a) accuracy-related penalty for petitioners' 2013 taxable year (which penalty he has conceded).

The parties have stipulated that the following represents the expenditures for which petitioners were denied a current deduction:

| Item | Cost |
|---|---|
| Carpet--Suite B | $2,085 |
| Carpet and install vinyl composition tile--Suite A | 3,788 |
| Carpet--HOYA | 4,498 |
| Carpet--Suite E | 5,435 |
| Remodeled (stained ceiling tiles, removed walls, cut out 3 openings, applied door sweeps)--Suite A | 2,700 |
| Replaced condensing unit and install clean-kit | 2,119 |
| Remodeled (built walls and removed doorways)-- Suite A | 4,000 |
| Install new ceiling and tiles--Ridgeland | 2,850 |
| Wiring (wired circuitry to reconnect outlets, installed emergency fixtures, two exit fixtures, and replaced ballast and lamps) | 1,604 |

We note that the total of these stipulated expenses is $29,079, or $1,433 more than the $27,646 for which respondent disallowed a deduction in the notice of

deficiency. The parties have not explained this discrepancy, but it is not material to our resolution of the case.

Petitioners timely filed with this Court a petition contesting respondent's determination. See sec. 6213(a).

## Discussion

I. Overview

A. Burden of Proof

Generally, the Commissioner's determination of a taxpayer's liability for an income tax deficiency is presumed to be correct, and the taxpayer bears the burden of proving the determination improper by a preponderance of the evidence. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In certain instances, where a taxpayer has introduced credible evidence with respect to any factual issue relevant to ascertaining his tax liability, the burden of proof shifts to the Commissioner, but only if the taxpayer has complied with substantiation requirements, maintained all records required by the Code, and cooperated with the Government's reasonable requests for witnesses, information, documents, meetings, and interviews. Sec. 7491(a).

Deductions are a matter of legislative grace, and the taxpayer must prove his entitlement to any deductions claimed. INDOPCO, Inc. v. Commissioner, 503

U.S. 79, 84 (1992). Taxpayers are obligated to maintain sufficient records to substantiate expenses underlying their claimed deductions. Sec. 6001; see also Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd, 540 F.2d 821 (5th Cir. 1976). Self-serving declarations generally are not a sufficient substitute for records. Weiss v. Commissioner, T.C. Memo. 1999-17, 1999 WL 34813, at *9.

B.     Deductibility of Business Expenses

Taxpayers may deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Sec. 162(a). However, no deduction is allowed for amounts "paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate." Sec. 263(a)(1). Such amounts instead must be capitalized. See sec. 1.263(a)-3, Income Tax Regs. It is a factual determination whether an expense is a deductible repair or an expenditure that must be capitalized. Gibson & Assocs., Inc. v. Commissioner, 136 T.C. 195, 233 (2011).

Only those expenditures may be deducted that are made to restore property to a sound state or to mend it, with the purpose of keeping the property in an ordinarily efficient operating condition. Ill. Merchs. Tr. Co. v. Commissioner, 4 B.T.A. 103, 106 (1926). Such expenditures do not add to the property's value, nor do they appreciably prolong its life; instead they merely keep the property in

an operating condition over its probable useful life for the uses for which it was acquired. Id.; see also Gibson & Assocs., Inc. v. Commissioner, 136 T.C. at 233.

On the other hand, expenditures for replacements, alterations, improvements, or additions which prolong a property's life, increase its value, or make it adaptable to a different use are treated as additions to capital. Ill. Merchs. Tr. Co. v. Commissioner, 4 B.T.A. at 106; see also Gibson & Assocs., Inc. v. Commissioner, 136 T.C. at 233. An expenditure made for an item as part of a general plan of rehabilitation, modernization, and improvement of the property must be capitalized, even if, standing alone, the item appropriately may be classified as a deductible repair. Niv v. Commissioner, T.C. Memo. 2013-82, at *19-*20. Furthermore, an expenditure to acquire an asset with a useful business life exceeding one year generally is treated as a capital investment and is not deductible currently as an ordinary and necessary business expense. Webb v. Commissioner, 55 T.C. 743, 744-745 (1971). Useful life is "the period over which the asset may reasonably be expected to be useful to the taxpayer in his trade or business or in the production of his income", sec. 1.167(a)-1(b), Income Tax Regs., and the burden of proving it falls upon the taxpayer, see Barr v. Commissioner, T.C. Memo. 1989-69, 56 T.C.M. (CCH) 1255, 1261 (1989).

II.     The Parties' Arguments

Petitioners contend that the disputed expenditures should be classified as deductible ordinary and necessary rental property repair expenses and thus should not be reclassified as capital expenditures. More than half of the disputed expenditures were to repair or replace carpeting that had been damaged or worn during the ordinary course of tenancy, they argue, in order to lease the properties to new tenants. Petitioners point out that the work did not involve a wholesale replacement of each property's flooring but was limited to carpeting that needed to be removed or repaired. Similarly, petitioners maintain that the remodeling expenses were to paint damaged walls and replace stained or worn ceiling tiles, remedial repairs made only to the extent necessary to comply with the terms of various lease agreements. The remaining expenditures too, they claim, were remedial and did not extend the property's useful life by more than one year, being intended to restore the leased property to a suitable condition. In all, petitioners argue, the disputed expenditures were made to keep the properties in operating condition over their useful life and neither prolonged either property's life nor increased its value. These expenses are properly deductible, they contend, because they were not incurred as part of a grand scheme to rehabilitate or modernize the premises but were incurred through routine maintenance.

Respondent asserts that the burden of proof respecting the disputed expenses falls upon petitioners because they have not satisfied the requirements in section 7491(a) to shift the burden to him; according to respondent, petitioners have not carried this burden. Respondent maintains that the disputed repairs constitute capital expenditures because they are replacements or improvements. He argues that, aside from their self-serving declarations, petitioners have failed to provide any information about the expenditures other than that they were incurred. To the extent that the expenditures were related to new items replacing old ones, respondent contends that petitioners have offered no evidence showing when the originals were placed in use or their condition upon replacement. Petitioners have not demonstrated that the expenditures did not add value to the properties, respondent asserts, such as by providing information about the values of the properties before and after renovation. Respondent also contends that petitioners have failed to show that the useful life of any of the disputed repairs is less than one year or that the expenditures should not be deemed a general plan of improvement. Finally, he asserts that, notwithstanding petitioners' assertion that the expenses were incurred through routine maintenance and to comply with the terms of various lease agreements, they have provided no evidence of such agreements or that the work performed was done on a recurring basis. Ultimately,

respondent argues, petitioners cannot rely on mere allegations unsupported by the record, see Wages v. Commissioner, T.C. Memo. 2017-103, and their failure to introduce favorable evidence within their control supports an inference that such testimony or documentation would not support their position, see Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), aff'd, 162 F.2d 513 (10th Cir. 1947).

## III. Petitioners' Burden of Proof

We agree with respondent that petitioners have failed to satisfy their burden of proof. As we observed above, the burden is on the taxpayer to prove by a preponderance of the evidence that the notice of deficiency is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115. As the short background section of this opinion attests, the record in this case is sparse. All that is before the Court is a three-page stipulation of facts (without any corresponding exhibits) establishing that petitioners, in the course of their commercial rental business, incurred certain expenses for which respondent denied a deduction. While we have before us an itemized list of the work performed and the costs therefor, we have no evidence about the context in which that work was performed, nor its effect on the value or the useful life of either property. Petitioners on brief have provided certain explanations that purport to establish such a context. However, because

petitioners' statements are not supported by any evidence--that is, by any stipulation or exhibit thereto, or any other source--those statements cannot be treated as anything more than unsworn allegations. See Rule 143(c).

As respondent points out, petitioners' case suffers from the same defect as that of the taxpayers in Wages: assertions made on brief that are not supported by the record. Had petitioners timely offered further stipulations of fact, witness testimony, lease contracts, valuation or inspection reports, or any other evidence, we would have been able to consider the ways in which such evidence supported petitioners' contentions. In the absence of this, we can look no further than the facts stipulated by the parties and summarized in this opinion's background section. Those facts do not controvert respondent's determination in the notice of deficiency of petitioners' tax liability.

Because petitioners have not adduced any evidence tending to show respondent's determination of their tax liability to be improper, the burden of proof remains with them. Cf. sec. 7491(a). And because of their failure to present contradictory evidence, petitioners by necessity cannot prove that determination improper by a preponderance of the evidence. Accordingly, the presumption of correctness attached to respondent's determination as set forth in the notice of deficiency holds, and we must sustain it.

IV.    Conclusion

Petitioners have failed to present evidence corroborating their position that respondent improperly reclassified $27,646 of their business expenses as depreciable capital expenditures instead of deductible repair costs.  Thus we find that petitioners have failed to satisfy their burden of proving by a preponderance of the evidence that the notice of deficiency is incorrect.

We have considered all of the parties' arguments, and to the extent not discussed above, conclude that those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered for respondent as to the deficiency and for petitioners as to the accuracy-related penalty under section 6662(a).