T.C. Memo. 2018-23

UNITED STATES TAX COURT

KEVIN E. RUSHING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25029-15.                          Filed February 28, 2018.

P did not file income tax returns for the 2010, 2011, and 2012 taxable years. R prepared substitutes for returns, determining that P had unreported income during those years, and issued a notice of deficiency making certain determinations as to P's income.

<u>Held</u>: R's determinations are sustained because P has failed to prove by a preponderance of the evidence that the determinations in the notice of deficiency are incorrect.

<u>James G. McGee, Jr.</u>, for petitioner.

<u>Edwin B. Cleverdon</u> and <u>Horace Crump</u>, for respondent.

[*2]                    MEMORANDUM OPINION

LARO, Judge:  This case arises out of respondent's determinations as to petitioner's income for the 2010, 2011, and 2012 tax years.  The case was submitted fully stipulated for decision without trial.  See Rule 122.[1]

Respondent determined deficiencies in petitioner's Federal income tax, as well as additions to tax under sections 6651(a)(1) and (2) and 6654 for the taxable years and in the amounts as follows:

| Year | Deficiency | Sec. 6651(a)(1) | Additions to tax Sec. 6651(a)(2) | Sec. 6654 |
|------|-----------|-----------------|----------------------------------|-----------|
| 2010 | $7,012 | $1,407.38 | $1,563.75 | $132.34 |
| 2011 | 28,578 | 6,280.20 | Undetermined[1] | 551.13 |
| 2012 | 54,084 | 12,168.90 | Undetermined | 969.66 |

[1]For the sec. 6651(a)(2) additions to tax for the 2011 and 2012 taxable years, the notice of deficiency states: "*computed at later date".  Per the Form 4549-A, Income Tax Examination Changes (Unagreed and Excepted Agreed), accompanying the deficiency notice, as of June 23, 2015, the sec. 6651(a)(2) additions to tax for 2011 and 2012 were $5,442.84 and $7,301.34, respectively.

We decide whether to sustain respondent's determinations of unreported income in the notice of deficiency upon which this case is based.  As set forth in this opinion, we uphold those determinations.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code (Code) in effect at all relevant times.  Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]**                                          Background

I.    Overview

The parties submitted this case fully stipulated under Rule 122. The stipulation of facts is incorporated herein. Petitioner is a resident of Mississippi. This case is appealable to the Court of Appeals for the Fifth Circuit absent stipulation of the parties to the contrary.

II.   Petitioner

Petitioner was married during each of the years at issue. During the same period he was the sole member of Rushing Enterprises, LLC (LLC), which was in the construction and insurance business under the business name "R.E. Mortgage Services".[2] He was a signatory on multiple bank accounts in the LLC's name with Forum Credit Union (FCU) and Wells Fargo (WF).

III.  Petitioner's Undisputed Income

Petitioner during 2010 sold a desk and a chair for $2,300. He received wages from the U.S. Army in 2010 and 2011 of $6,719 and $5,486, respectively. He also received interest income in 2010 and 2011 of $1,094 and $428,

---

[2]The parties have treated the LLC as petitioner's sole proprietorship and thus a disregarded entity. See sec. 301.7701-3(a) and (b)(1)(ii), Proced. & Admin. Regs. We follow that lead.

[*4] respectively.[3]  He received taxable IRA distributions, subject to the 10% additional tax under section 72(t), in 2011 and 2012 of $3,550 and $59,333, respectively.  And during 2012 he received Social Security benefits of $6,903, the taxable amount of which is agreed by the parties to be computational.

Petitioner had tax withholding for 2010 and 2011 of $757 and $666, respectively.

IV.    Disputed Income

During 2010, 2011, and 2012 there were unexplained deposits with respect to the LLC's FCU and WF bank accounts totaling $20,744.19, $80,525.69, and $95,214.48, respectively.  In the notice of deficiency respondent determined these amounts to be reportable as income from self-employment on petitioner's Schedule C, Profit or Loss From Business, and subject to income tax; petitioner disputes the inclusion of these amounts in his income.

_____

[3]We note that while respondent determined in the notice of deficiency that petitioner had $1,096 of unreported interest income for 2010, the parties agreed in their stipulation of facts that "[p]etitioner received interest income in 2010 * * * of $1,094.00".  Because the parties state in their stipulation that the statements contained therein "may be accepted as facts" in this case, we take the $1,094 amount as the correct statement of petitioner's interest income for the 2010 taxable year.  See, e.g., Ford Motor Co. v. Commissioner, 102 T.C. 87, 89 n.3 (1994), aff'd, 71 F.3d 209 (6th Cir. 1995); see also Humberson v. Commissioner, T.C. Memo. 1995-470, 70 T.C.M. (CCH) 886, 888 nn. 8 & 9 (1995).

**[*5]** During 2010, 2011, and 2012 there were also rental checks deposited into petitioner's FCU bank accounts totaling $14,445, $11,950, and $1,522.16, respectively. In the notice of deficiency, respondent determined that these amounts reflect income to petitioner reportable on Schedule E, Supplemental Income and Loss; petitioner disputes the inclusion of these amounts in his income.

V.      Substitutes for Returns, Notice of Deficiency, and Petition

Petitioner failed to file Federal income tax returns for any of the years at issue. Respondent on June 23, 2015, prepared under section 6020(b) substitutes for returns for these years. In the absence of other records, respondent relied on third-party reporting and petitioner's bank deposits and cash payments to determine his taxable income. On July 1, 2015, respondent issued the notice of deficiency to petitioner with respect to his income tax liabilities for the 2010, 2011, and 2012 taxable years.

Petitioner's last day to file a petition with this Court was September 29, 2015.[4] The Court received his petition on October 2, 2015, but because it was

---

[4]The notice of deficiency erroneously states that the last day for petitioner to file a petition with this Court was September 28, 2015. The deficiency notice was issued on July 1, 2015, after which petitioner had 90 days to file his petition. See sec. 6213(a). This period expired on September 29, 2015, which was not a Saturday, Sunday, or legal holiday in the District of Columbia. Respondent concedes this error and agrees that petitioner's petition is timely.

**[*6]** mailed on September 29, 2015, and bore a corresponding U.S. Postal Service postmark, it is treated as timely filed.  See sec. 7502(a).

VI.    Petitioner's Concessions

Beyond the undisputed items of income set forth above, the parties agree that petitioner's entitlement to the now-defunct section 36A "making work pay" credit for 2010 is computational.  They also agree that petitioner is entitled to claim the standard deduction using a filing status of married filing separately, with a personal exemption deduction, for each of the years at issue.  Finally, the parties agree that the additions to tax under sections 6651(a)(1) and (2) and 6654 are applicable for each of the years at issue.

Given the parties' stipulated agreement as to various tax items (including the parties' stipulations that certain of those items are computational), the only noncomputational determinations still outstanding are those as to:  (1) all Schedule E rents received for the three taxable years at issue; (2) all Schedule C gross receipts for the taxable years at issue; and (3) so much of the $2,300 received by petitioner during the 2010 taxable year for the sale of the desk and chair as exceeds his basis in that property.  Although not addressed expressly by any of the parties' stipulations, but as we deduce from respondent's computations

**[*7]** accompanying the notice of deficiency, the self-employment tax and corollary self-employment tax deduction are computational.

## Discussion

I.     Overview

Generally, the Commissioner's determination of a taxpayer's liability for an income tax deficiency is presumed to be correct, and the taxpayer bears the burden of proving the determination improper by a preponderance of the evidence. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In certain instances, where a taxpayer has introduced credible evidence with respect to any factual issue relevant to ascertaining his tax liability, the burden of proof shifts to the Commissioner, but only if the taxpayer has complied with substantiation requirements, maintained all records required by the Code, and cooperated with the Government's reasonable requests for witnesses, information, documents, meetings, and interviews. Sec. 7491(a). A case's submission under Rule 122 does not alter the burden of proof, or the requirements otherwise applicable with respect to adducing proof, or the effect of a failure of proof. Rule 122(b).

Under section 61(a), gross income includes "all income from whatever source derived". All gains are covered except those specifically exempted. Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955). Furthermore,

[*8] taxpayers are obligated to maintain records sufficient to establish their correct tax liabilities. Sec. 6001. Where a taxpayer fails to do so, or if his records do not clearly reflect income, then the Commissioner is authorized to reconstruct income in accordance with a method clearly reflecting the full amount of income received. The reconstruction need only be reasonable in the light of all surrounding facts and circumstances. Petzoldt v. Commissioner, 92 T.C. 661, 686-687 (1989); see also sec. 446(b). Self-serving declarations generally are not a sufficient substitute for records. Weiss v. Commissioner, T.C. Memo. 1999-17, 1999 WL 34813, at *9.

II.     The Parties' Arguments

     A.     Petitioner's Argument

Petitioner observes that respondent analyzed several bank accounts containing otherwise unexplained deposits attributed to the LLC or to petitioner personally and concluded that those amounts represent earned but unreported income. Petitioner admits that respondent's methodology appears on its face to provide a causal connection between the deposits and petitioner's gross income such that respondent has met his burden of proof in establishing the presumption of correctness. See, e.g., El v. Commissioner, 144 T.C. 140, 142-143 (2015); see also sec. 6201(d). Petitioner maintains, however, that because of events that

**[*9]** alienated him from access to his bank accounts, he was never able to realize or benefit from any of the deposits made into those accounts for the tax years at issue. Thus, petitioner contends, respondent's determination of unreported income cannot be sustained on its face as correct.

Petitioner argues that before this Court can turn to the question of the existence and amounts of deficiencies in this case, respondent must come forward with evidence of his determination's reasonableness because petitioner has come forward with evidence supporting a finding that the determination was arbitrary and excessive. See Cebollero v. Commissioner, 967 F.2d 986 (4th Cir. 1992), aff'g T.C. Memo. 1990-618. Petitioner argues that during the tax years at issue he was listed as 80% disabled by the Department of Veterans Affairs as a result of his active-duty military service from 2004 to 2008. Petitioner maintains that he was unable to work and had applied for full disability benefits. At the same time, he asserts, he had prepared and signed a durable power of attorney naming his then wife as his guardian and representative and authorizing her to become the chief operating officer of the LLC. At some later point, he submits, he learned that his wife had been wrongfully spending income generated by the LLC during the period of his disability, while he never had access to those funds and did not realize any benefit from them. Thus, he argues, because his wife had had complete

**[\*10]** control of and access to the bank accounts upon which respondent relied in making his determination, she was the only party in receipt of the gross income for the tax years at issue. Petitioner does not believe that his being a signatory on those bank accounts is sufficient to establish his possession of those funds.

Because petitioner had no access to the gross income in question, he argues, respondent's notice of deficiency is arbitrary and should not be sustained by this Court. Petitioner maintains that no causal connection can be drawn between him and the gross income attributed to him by respondent and that respondent has not established by a preponderance of the evidence that his determination should be entitled to a presumption of correctness.

### B.    Respondent's Argument

Respondent denies that the underlying notice of deficiency was arbitrary and capricious and should not be afforded a presumption of correctness. Respondent points out that petitioner essentially is asking the Court to look behind the deficiency notice to examine the evidence respondent used to make his determination. However, respondent argues, the Court will look behind a notice of deficiency only in exceptional circumstances. See McDonald v. Commissioner, T.C. Memo. 1996-87, 1996 WL 83311, at \*6 (citing Weimerskirch v. Commissioner, 596 F.2d 358, 361 (9th Cir. 1979), rev'g 67 T.C. 672 (1977),

**[*11]** <u>Riland v. Commissioner</u>, 79 T.C. 185, 201 (1982), <u>Jackson v. Commissioner</u>, 73 T.C. 394, 400-401 (1979), and <u>Greenberg's Express, Inc. v. Commissioner</u>, 62 T.C. 324, 327 (1974)), <u>aff'd in part and remanded in part on another issue</u>, 114 F.3d 1194 (9th Cir. 1997). As relevant here, such circumstances generally are limited to those where the Commissioner relied upon a "'naked' assessment without any foundation whatsoever", <u>United States v. Janis</u>, 428 U.S. 433, 441 (1976), or introduced no predicate evidence of unreported income, <u>e.g.</u>, <u>Dellacroce v. Commissioner</u>, 83 T.C. 269, 280 (1984). This is not one of those cases, respondent believes, because there is a link between petitioner and the income in question.

Respondent argues that petitioner has stipulated facts suggesting a connection between him and the income determined by respondent to have been earned by him. Specifically, petitioner has stipulated that (1) he received wages, interest, IRA distributions, Social Security benefits, and proceeds from the sale of a desk and chair; (2) rental checks were deposited into his checking account; and (3) his wholly owned company had unexplained bank deposits. Moreover, respondent maintains, the record in this case is devoid of evidence supporting petitioner's contention that his former wife misappropriated the income at issue.

[*12] Indeed, respondent asserts, his determination that petitioner had income was based on third-party information reporting and an examination of bank deposits. Respondent notes that the bank deposit method for computing income, by which it is assumed that all money deposited into a taxpayer's bank account during a given period constitutes taxable income (adjusted for known exclusions or deductions), has long been sanctioned by the courts. See Clayton v. Commissioner, 102 T.C. 632, 645-646 (1994) (citing DiLeo v. Commissioner, 96 T.C. 858, 867-868 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992)). Respondent further notes that bank deposits are prima facie evidence of income, and the taxpayer has the burden of showing that the determination is incorrect. Id. at 645 (citing Tokarski v. Commissioner, 87 T.C. 74, 77 (1986), and Estate of Mason v. Commissioner, 64 T.C. 651, 657 (1975), aff'd, 566 F.2d 2 (6th Cir. 1977)). As to the rental checks deposited into petitioner's account, respondent points out that petitioner has stipulated the fact of their deposit and has not introduced any countervailing evidence that those amounts should not be includible in income. As to the $2,300 of proceeds from the sale of a desk and chair, respondent argues that there is nothing in the record to indicate that petitioner had any basis therein, and so the full amount should be taxed as capital gain. Cf. secs. 1001, 1011, 1012. And as to the unexplained deposits into bank accounts in the LLC's name, respondent claims

[*13] that petitioner has not introduced evidence or otherwise carried his burden of proving that the deposits are not includible in income.

Ultimately, respondent argues, petitioner cannot rely on mere allegations unsupported by the record, see Wages v. Commissioner, T.C. Memo. 2017-103, at *10-*11, and his failure to introduce favorable evidence within his control supports an inference that such testimony or documentation would not support his position, see Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), aff'd, 162 F.2d 513 (10th Cir. 1947).

III.    Petitioner's Burden of Proof

A.    Clarifying Which Issues Remain Before the Court

As a preliminary matter, we reiterate that the only noncomputational determinations not resolved by the parties' stipulations are those as to:  (1) all Schedule E rents received for the taxable years at issue; (2) all Schedule C gross receipts for the taxable years at issue; and (3) so much of the $2,300 received by petitioner during the 2010 taxable year for the sale of the desk and chair as exceeds his basis in that property.

On brief petitioner has argued the first two determinations but not the third. In other words petitioner has not disputed on brief respondent's determination that the $2,300 received as proceeds from the sale of a desk and chair in 2010 should

**[*14]** be treated in its entirety as long-term capital gain, nor has petitioner argued or presented evidence of his basis in those items.

Because petitioner has not disputed the third determination, he is deemed to have conceded it. See Thiessen v. Commissioner, 146 T.C. 100, 106 (2016) ("[I]ssues and arguments not advanced on brief are considered to be abandoned."). Thus the only issues remaining before the Court are the propriety of respondent's determinations as to petitioner's Schedule E rents and Schedule C gross receipts.

B.      Whether Petitioner Met His Burden of Proof

This case ultimately hinges upon whether petitioner has satisfied his burden of proof. Petitioner contends that he has come forward with evidence supporting a finding that respondent's determination in the notice of deficiency was arbitrary and excessive, thereby shifting the burden to respondent of coming forward with evidence of his determination's reasonableness. Respondent, on the other hand, argues that petitioner has not proffered any such evidence and that at any rate the Court should not look behind the notice of deficiency. We agree with respondent that petitioner has not borne his burden of proof.

As we observed above, the burden is on the taxpayer to prove by a preponderance of the evidence that the notice of deficiency is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115. As the short background section of

**[*15]** this opinion attests, the record in this case is sparse. All that is before the Court is a four-page stipulation of facts (without any corresponding exhibits) establishing that petitioner had received certain income during the tax years at issue, that there were rental checks deposited into petitioner's bank accounts, and that there were unexplained deposits into the LLC's bank accounts over which petitioner had signature authority. While petitioner had sought to introduce as evidence certain exhibits attached to his seriatim reply brief, we held by order that those exhibits were inappropriate for inclusion with the brief and were to be stricken from the record. One of those exhibits, petitioner's affidavit, could not have constituted evidence. See Rule 143(c). Petitioner's other exhibits, while supporting some of his statements made on brief, were not timely or appropriate and would not have been dispositive on the issues in contention even were they admissible.

The core of petitioner's argument--that his former wife wrongfully gained access to the bank accounts in question and had exclusive dominion over them during the taxable years at issue--is unsupported by any evidence, whether a stipulation or exhibit thereto or other appropriate source. Petitioner has advanced this argument several times: in his petition, in his pretrial memorandum, and on brief. However, in the absence of evidence, petitioner's statements in his

[*16] pleadings and filings cannot be treated as anything more than unsworn allegations. See, e.g., Wages v. Commissioner, at *10-*11, *13; see also Rule 143(c).

As respondent points out, petitioner's case suffers from the same defect as that of the taxpayers in Wages: assertions made on brief that are not supported by the record. Had petitioner timely offered further stipulations of facts, witness testimony, or any other evidence, we would have been able to consider the ways in which such evidence supported his contentions. In its absence, we can look no further than the facts stipulated by the parties and summarized in this opinion's background section. Those facts do not controvert respondent's determination in the notice of deficiency of petitioner's tax liabilities.

Because petitioner has not adduced any evidence tending to show respondent's determination of his tax liabilities to be improper, the burden of proof remains with him. Cf. sec. 7491(a). And because of his failure to present contradictory evidence, petitioner necessarily cannot prove that determination improper by a preponderance of the evidence. Accordingly, the presumption of correctness attached to respondent's determination as set forth in the notice of deficiency holds, and we must sustain it.

**[*17]** IV.   <u>Conclusion</u>

Petitioner's claims proffer an unfortunate picture:  because of his disability as a result of his active-duty military service, his former wife assumed control over the LLC and the bank accounts in question and misappropriated income therefrom. However, there is no evidence in the record before us to substantiate these claims. Thus we can go no further than to find that petitioner has failed to satisfy his burden of proving by a preponderance of the evidence that the notice of deficiency is incorrect.  We sustain respondent's determinations in principal part and direct the parties to submit computations under Rule 155 reflecting (1) their stipulation that petitioner had $1,094 of interest income for the 2010 taxable year (instead of $1,096 as determined in the notice of deficiency) and (2) the final computations, if available, of the section 6651(a)(2) additions to tax for the 2011 and 2012 taxable years.

We have considered all of the parties' arguments and, to the extent not discussed above, conclude that those arguments are irrelevant, moot, or without merit.

**[\*18]** To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.